**In re Michael AERNI, Debtor.**

**Ohio Carpenters' Pension Fund, et al., Plaintiff,**

v.

**Michael Aerni, Defendant.**

**Ohio Carpenters' Pension Fund, et al., Plaintiff,**

v.

**Michael Aerni, Defendant.**

**Bankruptcy No. 06–16406.**

**Adversary Nos. 07–01571, 07–01572.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

March 16, 2009.

Michael F. Aerni, Westlake, OH, pro se.

Virgil E. Brown, Jr., Cleveland, OH, for Trustee.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BÁXTER, Bankruptcy Judge.

The matter before this Court is the Defendant Debtor, Michael Aerni's, Motions for Summary Judgment pursuant to Bankruptcy Procedural Rule 56(c) ("Motions"). The Plaintiffs, Ohio Carpenters' Pension Fund and the Trustee, oppose such relief. Jurisdiction is proper under 28 U.S.C. §§ 1334 and 158 and General Order No. 84 of this District. Upon the conclusion of duly noticed summary judgment hearings, arguments of counsel, and a review of the record, generally, the following findings of fact and conclusions of law are hereby rendered:

In 1996, Michael Aerni ("Debtor/Aemi") and Robert Lontkowski ("Lontkowski") purchased Jubilee Catering Company, Inc. ("Jubilee Inc"). Soon thereafter, Aerni and Lontkowski formed Jubilee Catering Company, Ltd. ("Jubilee Ltd."), which served as the sole operating company, while Jubilee Inc. operated as the real estate holding company. Aerni and Lontkowski then assembled a management team with the formation of three additional companies: La Centre, LLC, Latitude Media Group, Inc, and La Office Plaza, LLC (collectively referred to as "The Companies").

In March 2000, Aerni, Lontkowski, and The Companies entered into a loan agreement, for $8,875,000 with Leader Mortgage Company, LLC, now known as U.S. Bank Home Mortgage, a division of U.S. Bank, NA, acting as an agent for the Ohio Carpenters' Pension Fund ("OCPF"). They requested the loan in order to con-

struct a banquet hall in Westlake, Ohio. The parties executed a Cognovit Guaranty dated March 29, 2000 and a Confirmation of Cognovit Guarantee dated May 24, 2001. Over the next several years, as operating costs continued to rise, Aerni and Lontkowski, along with The Companies, borrowed additional funds in order to complete the banquet hall project. The original loan was subsequently modified to reflect these additional funds. Effectively, on February 1, 2003, the Defendants executed and delivered to U.S. Bank a Second Amended and Restated Loan Agreement for $33,000,000. On September 15, 2004, U.S. Bank assigned its interest in the loan to OCPF.

On September 20, 2004, due to a default in the terms under the loan agreements, OCPF filed a complaint on Cognovit Note and Cognovit Guaranties in the Cuyahoga County Court of Common Pleas.[1] Specifically, OCPF alleged that Aerni and Lontkowski: 1) failed to make payments when due, 2) made delinquent monthly payments, and 3) failed to comply with the terms of the loan documents. On that same day, the court entered judgment against Aerni and Lontkowski jointly and severally in the amount of $31,351,862.18.

One week after the judgment was entered, Aerni filed a motion for relief from judgment pursuant to Civil Procedure Rule 60(b) and moved to stay execution. Both motions were denied. Aerni filed a timely appeal. On appeal, the prior judgment was affirmed. On December 21, 2006 Aerni filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

The Trustee requested that Aerni provide both personal and business financial records. Upon belief that Aerni was not forthcoming with all of his financial records, the Plaintiffs filed a Complaint to Determine Dischargeability of Debts pursuant to § 523(a)(2) and a Complaint Objecting to the Debtor's Discharge pursuant to §§ 727(a)(2)(A), 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(6). Aerni denies the Plaintiffs' allegations and contends that no genuine issue of material fact exists. Consequently, he filed the subject Motions for Summary Judgment.

\* \*

The dispositive issue is whether, pursuant to Bankruptcy Procedural Rule 7056(c), there exists a genuine issue of material fact in dispute.

\* \* \*

The standard which addresses the Debtor's summary judgment motions is contained in Federal Rule of Civil Procedure 56(c) and is applicable in bankruptcy proceedings under Bankruptcy Rule 7056. *In re Bailey*, 375 B.R. 410, 413 (Bankr. S.D.Ohio 2007). Rule 56 provides in part:

(c)[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law . . .

(e)[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial.

*Fed.R.Civ.Pro.* 56(c),(e). Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Fed.R. Civ.P.* 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material

1. Case no. CV. 04 543258

if it would affect the determination of the underlying action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Tennessee Dep't of Mental Health and Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). "An issue of material fact is genuine where a rational factfinder could find in favor of either party on the issue." *Anderson,* at 248–49, 106 S.Ct. 2505. Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the non-movant to establish the existence of a material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A mere scintilla of evidence in support of the non-moving party is insufficient. *Nye v. CSX Transportation,* 437 F.3d 556, 563 (6th Cir.2006). However, at arriving at a resolution, the court "must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Anderson* at 252, 106 S.Ct. 2505; *Cox v. Kentucky Dept. of Transp.,* 53 F.3d 146, 149–50 (6th Cir. 1995).

\* \* \* \*

Since 2003, Aerni's net worth has significantly decreased from $1.4 million to $28,450. The Plaintiffs contend that Aerni has not given a reasonable explanation for this deterioration: They contend that fraud caused the deterioration of Aerni's net worth. The Plaintiffs believe that Aerni has either transferred or concealed his funds to the detriment of his creditors.

This is further supported by the Plaintiffs' contention that Aerni has not kept important documents regarding the financial state of his business. The Plaintiffs further contend that Aerni's bankruptcy schedules contain false and misleading information regarding his current financial status. They allege that, despite having a financially viable business and stock in a local racquetball club some six months prior to filing, his bankruptcy schedules indicate that each is valueless. *See,* Personal Financial Statement; Aerni Dep. Additionally, when ordered by this Court to turnover certain documents, the Plaintiffs allege that Aerni either failed to do so or did so after the terminal date of the Court's order. Finally, pursuant to § 523(a)(2), the Plaintiffs contend that they relied on materially false financial statements to determine whether they would extend credit to Aerni. Specifically, the Plaintiffs loaned Aerni an additional $33,000,000 on the basis that he and his associates had a net worth of over $4,000,000. However, the Plaintiffs assert that, once the extension of credit was given, they discovered that Aerni's net worth was grossly overstated and that Aerni did not have the funds to secure the loan. They further assert that Aerni, in an attempt to circumvent past judgments and discharge debt that was fraudulently obtained, violated several subsections under the Bankruptcy Code and should not be granted a discharge.

Aerni denies these allegations. He asserts that he has produced and turned over all the documents the Plaintiffs' have requested and states that the deterioration of his net worth was not due to fraud but was due to his failed businesses which caused him to file for bankruptcy. It is because of this failure, he argues, that his business has no value and, it is proper for him to list the value of his assets at $0. Aerni asserts that case law permits him to estimate his net worth, however, case law

does not compel the dismissal of a debtors case if that estimate is not accurate. Finally, Aerni contends that the Plaintiff, OCPF, did not reasonably rely on his 2003 personal financial statement in determining whether to lend Aerni money. Specifically, Aerni states that the Plaintiff, OCPF, did not receive the financial statement until after the funds were released. Aerni believes he is entitled to summary judgment because the Plaintiffs can not satisfy the elements of the asserted provisions of the Bankruptcy Code and therefore, there is no genuine issue of material fact.

In response, Plaintiffs argue that there does exist a genuine issue of material fact in dispute. Specifically, they argue that Aerni, as the movant, has the burden to prove that no genuine issue of material fact exists and conclude that he has not met this burden. As such, summary judgment should be denied.

*    *    *    *    *    *

█ Herein, Aerni filed two motions for summary judgment based on the premise that the Plaintiffs could not prove the elements of each cause of action. In doing so, he improperly attempts to place the burden of proof on the non-moving party. Such an assertion ignores the specific standard for maintaining summary judgment motions, which requires the movant to prove that no genuine issue of material fact exists. The first Bankruptcy Code section at issue is § 727(a)(2)(A), which provides in pertinent part that:

a) [t]he court shall grant the debtor a discharge, unless ... (2) the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed ... A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A). Aerni alleges that the Plaintiffs cannot show that he transferred or concealed property. Such argument, more appropriately, should be advanced if and when this proceeding is adjudicated on the merits—not upon a request for summary judgment. The Plaintiffs, however, raise several issues regarding Aerni's net worth. The Plaintiffs' argue that Aerni, by his own admission, hid his salary from his creditors so that his wages would not be garnished. See, Rule 2004 Deposition (12–13). Although this occurred outside of the one year requirement, the Plaintiffs argue that the continuous concealment doctrine applies to show the requisite act of concealment. Clearly there is a genuine issue of material fact in dispute between these parties. Aerni's net worth is material to his bankruptcy estate and whether or not he hid this property can not be determined as a matter of law, but must be determined after the court weighs the evidence presented.

█ Section 727(a)(3) pertains to the debtor's duty to keep financial records and it provides in pertinent part:

a) The court shall grant the debtor a discharge, unless ... 3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve and recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3). The Plaintiffs allege that Aerni has not provided them with a clear picture of his financial status. Although Aerni has provided the Plaintiffs with "voluminous" records, the Plaintiffs contend that these records were insufficient, incomplete, and inconsistent, espe-

cially regarding the values on his balance sheets and loans made to ConservAir. *See,* Rule 2004 Deposition (20); Debtor's Exam(170). The Plaintiffs assert that the inconsistency is a result of Aerni's failure to preserve pertinent business records. Although Aerni denies these allegations, he has not met his burden in proving that no issue of material fact exists. It is not plausible for this Court to clearly ascertain Aerni's financial condition or track his financial dealings because of what seems to be an inconsistency in his financial records. Consequently, his financial records, which are material to his bankruptcy estate, raise the question of whether property was concealed, destroyed or falsified. This question of fact must be answered only after a thorough review of the record, and the examination of evidence adduced at trial.

Section 727(a)(4) pertains to the debtor's honesty and provides in pertinent part:

a) [t]he court shall grant the debtor a discharge, unless—... 4) the debtor knowingly and fraudulently, in or in connection with the case-A) made a false oath or account; B) presented or used a false claim; C) gave, offered, received, or attempted to obtain money, property, or advantage for acting or forbearing to act.

*11 U.S.C. § 727(a)(4).* Here, the Plaintiffs allege that Aerni made a false oath within his bankruptcy schedules. Specifically, the Plaintiffs reference Schedule B where Aerni asserts that the value of his ConservAir shares is $0. *See* Exh. E; Sch. B. However, on his 2003 personal financial statement, Aerni values these same shares at $384,000. Also on his schedules, Aerni listed the value of his personal and household property at $2000. Nonetheless, six (6) months prior, he listed the value of the same property at $19,490. *See,* Exh. E. Aerni discounts these statements and credits the loss of wealth to business fail-

ures. Aerni contends that because the goodwill of his company is tied to his reputation, the company currently has no goodwill. There exists a significant variance between Aerni's previous values and the values he provided this Court on his bankruptcy schedules. The record does not provide a clear picture of how, why and if Aerni's property truly depreciated or whether Aerni did knowingly make a false oath. Thusly, a genuine issue of material fact exists rendering a grant of grant summary judgment inappropriate.

Section 727(a)(5) pertains to the lack of a feasible explanation for the loss of the debtor's assets and provides:

a) [t]he court shall grant the debtor a discharge, unless—...

5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

*11 U.S.C. § 727(a)(5).* The Plaintiffs assert that Aerni experienced a significant loss of assets but cannot satisfactorily explain the loss. Specifically, the Plaintiffs reference the 2006 liquidation of ConservAir stock that Aerni used to pay for his expenses while he was not receiving a salary. Although Aerni liquidated some of his stocks, he never kept any record in regards to the liquidation. *See,* Aerni Aff.(12–13). Plaintiffs contend that these funds should have been used to pay creditors, instead, there is no clear record of how these funds were spent. Since it is unclear whether or not these funds were misappropriated, to the detriment of his creditors, a genuine issue of material facts exists and therefore, summary judgment is inappropriate.

Section 727(a)(6) pertains to obedience to any lawful order of the court and provides in pertinent part:

807

a) [t]he court shall grant the debtor a discharge, unless—... 6) the debtor refused, in the case-A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

*11 U.S.C. § 727(a)(6).* Aerni was ordered, by this Court, to produce and provide certain documents during the 2004 Examination. *See,* Order dated August 8, 2007. The Plaintiffs contend that Aerni failed to provide every document. Aerni denies these allegations and asserts that he has provided, at the time of the order, all existing documents. Aerni contends that the Plaintiffs must show that he willfully and intentionally refused, not failed, to supply these documents. Summary judgment is generally inappropriate when an individual's intent is at issue. *See, Hoover v. Radabaugh,* 307 F.3d 460, 467 (6th Cir. 2002). Since Aerni's intent is the material issue under § 727(a)(6), summary judgment is not appropriate.

██ Finally, Section 523(a)(2)(B) pertains to a creditor's reliance on false financial statements and provides in pertinent part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt–2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-B) Use of a statement in writing-I) that is materially false; ii) respecting the debtor's or an insider's financial condition; iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied; and iv) that the debtor caused to be made or published with intent to deceive;

*11 U.S.C. § 523(a)(2)(B).* The Plaintiff, OCPF, contends that it relied on Aerni's 2003 personal financial statement when it advanced Aerni funds. Aerni argues that the Plaintiff did not receive his financial statement until after the funds were advanced. Therefore, it is not possible for the Plaintiff to have reasonably relied on his financial statement. Although the Plaintiff concedes that it did not receive the financial statement until after funds were distributed, it asserts that negotiations had already taken place. In fact, a written agreement was being drafted at the time of distribution. The written agreement was drafted based on assertions Aerni made to the Plaintiff regarding his financial status. These assertions were generated from his 2003 personal financial statement.

Although Aerni suggests that evidence regarding when the statement was received is enough to grant summary judgment on this matter, there still exists several issues regarding the elements of § 523(a), including reasonableness and whether the statements contained materially false information. *See,* Defense Counsel, Oral Argument. These issues should be decided after a review of all of the facts, not on a motion for summary judgment.

\* \* \* \* \* \*

Accordingly, the Debtor's Motions for Summary Judgment are hereby denied. The Plaintiffs' objections to the Debtor's Motions are hereby sustained. The parties shall proceed to trial as ordered. Each party is to bear its respective costs.

**IT IS SO ORDERED.**